The court rendered judgment dismissing the action upon the pleadings. Plaintiff appealed.
The following is a copy of the complaint:
"The plaintiff, complaining of the defendant, alleges:
"1. That the plaintiff is a duly incorporated municipal corporation of the State of North Carolina. *Page 381 
"2. That the defendant is a corporation organized and existing and by virtue of the laws of the State of North Carolina, with its principal place of business in the city of Raleigh, N.C.
"3. That at the time hereinafter alleged, the defendant was engaged in the operation of a street railway in the city of Raleigh under a charter granted by said city.
"4. That at the time hereinafter alleged the Seaboard Air Line Railway was a corporation duly incorporated under the laws of Virginia, North Carolina, and other States, and was engaged in the operation of a line of railroad extending through the city of Raleigh.
"5. That in the construction of the Raleigh Gaston Railroad Company, predecessor of the Seaboard Air Line Railway, it became necessary to construct a bridge at the point where Hillsboro Street in the city of Raleigh crossed the track of said Raleigh Gaston Railroad Company, and said bridge was constructed of wood and was in existence at the time of the passage of the ordinance by the city of Raleigh hereinafter referred to.
"6. That the board of aldermen of the city of Raleigh on _____ July, 1912, enacted an ordinance requiring the Seaboard Air Line Railway to replace said wooden bridge with a steel or reinforced concrete bridge of design and plan to be approved by the board of Aldermen enacted the following sections:
"`Sec. 14. That where in the city of Raleigh any bridge or bridges crossing any street at, above, or below street level, other than those bridges owned, built, and maintained wholly by the city of Raleigh, are built, replaced, repaired, remodeled, or renewed, and any company operating street cars or other modes of transportation by which cars are operated on fixed or stationary track or tracks laid in the streets of the city of Raleigh, and such track or tracks shall cross such bridge or bridges, then the person, firm, or corporation operating said street track shall join with the other parties building, replacing, repairing, remodeling, or maintaining such bridge or bridges, and shall pay its or their proportionate share of the cost of building, constructing, renewing, remodeling, repairing, or maintaining such bridge or bridges.
"`(a) That if any person, firm, or corporation operating street cars or other mode of transportation over fixed or laid track or tracks on the streets of Raleigh, whose said tracks shall cross any such bridge or bridges, shall refuse or for fifteen days fail to join with the other parties in building, constructing, renewing, repairing, or maintaining any such bridge or bridges, or to pay their proportionate cost of the same after having been requested in writing to join therein, then the person, firm, or corporation so failing or refusing to do shall be subject to a penalty of fifty dollars for every day or part thereof for which they refuse or *Page 382 
fail to join in the building, constructing, repairing, renewing, remodeling, or maintaining such bridge or bridges, and every day's failure or refusal to so join in the building, repairing, remodeling, or maintaining such bridge or bridges, shall be and constitute a separate and distinct offense.'
"7. That, as required by said ordinance, the Seaboard Air Line Railway, replaced the said wooden bridge with a bridge of reinforced concrete of a design and according to plans approved by the board of aldermen of the city of Raleigh, and the construction of said bridge was done in such manner and under the approval of the street commissioner of the city of Raleigh.
"8. Prior to the commencement of the construction of said bridge, the Carolina Power Light Company, a corporation engaged in operating street cars on a stationary track across and upon said bridge, was requested to join in building the reinforced concrete bridge by which the wooden bridge was to be replaced, as required by the said ordinance of the city of Raleigh, and the said Carolina Power Light Company refused, and for fifteen days failed to join with the Seaboard Air Line Railway in constructing said reinforced concrete bridge, and the said company refused to pay its proportionate part of the cost of same after having been requested in writing to join therein.
"9. That the construction of the reinforced concrete bridge to replace the wooden bridge was completed at a total cost of $12,496.21.
"10. That a bridge of the character required by the traffic on Hillsboro Street, other than the cars of the Carolina Power Light Company, could have been constructed for the sum of $8,803.44.
"11. That the Carolina Power Light Company's proportionate part of the cost of said bridge is $3,692.77, which is a sum equivalent to the difference in the cost of the bridge if it had been built of sufficient strength and size for ordinary traffic crossing said bridge, and the cost of the bridge when constructed of sufficient size and strength for use by the Carolina Power Light Company in operating its cars across the same in safety.
"12. That prior to the commencement of this action the Carolina Power 
Light Company was called upon to make payment of the said sum of $3,692.77, and has failed and refused to do so.
"Wherefore plaintiff demands judgment that it recover of the defendant, Carolina Power Light Company, the sum of $3,692.77, with interest thereon from 29 January, 1914, until paid, and the costs of this action to be taxed by the clerk. JOHN.W. HINSDALE, JR., Attorney for Plaintiff."
We agree with the counsel for the defendant that the complaint states no cause of action in behalf of the plaintiff against the defendant. The Seaboard Air Line Railway is no party to this action, and seeks no judgment against the defendant, and what rights it may have against the defendant is not for us to determine in this action.
It appears from the complaint that the Seaboard Air Line Railway replaced the wooden bridge over its tracks as they crossed Hillsboro Street with a bridge of reinforced concrete, approved by the defendant's authorities. It further appears that the construction of the said bridge cost the Seaboard Air Line Railway $12,496.21. The plaintiff demands judgment against the defendant for the sum of $3,692.77, which it is alleged is the proportionate part of the cost of said bridge which the defendant should pay. There is no allegation in the complaint that the plaintiff, the city of Raleigh, paid one penny for the erection of the said concrete bridge. Upon what theory the plaintiff can recover when it has paid out nothing we are unable to see. The entire complaint discloses clearly that the purpose of the action is to recover money of the defendant which was paid out by the Seaboard Air Line Railway Company.
We think the complaint fails to state a cause of action in behalf of the plaintiff, and that the action was properly dismissed.
Affirmed.